**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**



FILED

DEC 27 2018

Clerk, U.S. District and
Bankruptcy Courts

ARTHUR N. PUTMAN,⁣ )
)
      Plaintiff, )
)
     v. )    Civil Action No.: 1:18-cv-2890 (UNA)
)
CHUCK GRASSLEY, *et al.*, )
)
      Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl."), which includes a request for preliminary injunction, and an application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff's request for preliminary injunction will be denied.

Plaintiff, a resident of Sunrise, Florida, sues several defendants involved with an underlying District of Columbia Superior Court criminal matter. *See United States v. Putman*, No. 2018 CMD 011384 (D.C. Super. Ct. filed Aug. 1, 2018). He sues the U.S. Capitol Police Chief, two Superior Court Judges, and a defense attorney.[1] Compl. at caption, 2–3; *see Putman*, No. 2018 CMD 011384, at Entry No. 6. Plaintiff solely requests that this Court rescind the "barring notice" that was issued by the Superior Court on August 8, 2018, directing that Plaintiff stay away from Capitol Hill. Compl. at 2; *see Putman*, No. 2018 CMD 011384, at Entry No. 14.

---

[1] Plaintiff also sues Senator Charles E. Grassley and an unknown defendant, "DBH," though he asserts absolutely no facts or claims against them. Compl. at caption. Therefore, the claims against defendants Grassley and DBH are dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

This Court will dismiss Plaintiff's claim under *Younger v. Harris* and its progeny. The *Younger* doctrine, grounded in the " 'vital consideration' of the proper respect for the fundamental role of States in our federal system," *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,* 477 U.S. 619, 626, (1986) (quoting *Younger,* 401 U.S. at 44), cautions against the exercise of jurisdiction by lower federal courts over proceedings in D.C. Superior Court and the D.C. Court of Appeals. *JMM Corp. v. D.C.*, 378 F.3d 1117, 1122 (D.C. Cir. 2004). "Younger precludes federal adjudication where three criteria are met: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the proceedings afford an adequate opportunity to raise the federal claims." *Delaney v. Dist. of Columbia,* 659 F.Supp.2d 185, 194 (D.D.C. 2009) (citing *Bridges v. Kelly,* 84 F.3d 470, 476 (D.C. Cir. 1996)). Here, all three criteria are met: the Superior Court proceeding is undoubtedly judicial in nature; the District of Columbia has an important "interest in 'carrying out the important and necessary task' of enforcing its criminal laws," *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365 (1989) (quoting *Younger,* 401 U.S. at 51–52); and Plaintiff makes no allegation that he cannot "raise his constitutional or other federal defenses to the state's action before the state or local court in which he is already a party," *Dist. Properties Assocs. v. D.C.*, 743 F.2d 21, 28 (D.C. Cir. 1984). This analysis is sufficient to demonstrate that *Younger* principles require dismissal of Plaintiff's complaint and request for injunctive relief.

An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

Date:   December ___, 2018